IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00101-FL

| | |
|---|---|
| KEITH JAMES SEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND RECOMMENDATION** |
| DEBRA PRICE, BERNARD P. CONDLIN, ) | |
| SUE GENRICH BERRY, DEE W. BRAY, ) | |
| ALLISON STANDARD, BRUCE T. ) | |
| CUNNINGHAM, JR., MUNICIPALITY OF ) | |
| CUMBERLAND COUNTY, and CITY OF ) | |
| FAYETTEVILLE, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Keith James Sears, a North Carolina state inmate, filed this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The matter comes now before the Court for frivolity review under 28 U.S.C. § 1915.

## STANDARD OF REVIEW

Under Section 1915, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief may be granted, or which seeks money damages from a defendant immune from such recovery. *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). However, the Court is not bound to accept the truth of the

pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## STATEMENT OF FACTS

Plaintiff has named as defendants in this action six attorneys—Debra Price, Bernard P. Condlin, Sue Genrich Berry, Dee W. Bray, Allison Standard, and Bruce T. Cunningham—as well as the County of Cumberland and the City of Fayetteville. Plaintiff's complaint is lengthy and he has included voluminous attachments for the Court's review.

In general, Plaintiff alleges that his constitutional rights have been consistently violated by Defendants since his June 21, 2007 arrest on kidnapping and assault charges. Specifically, Plaintiff mainly claims that has been deprived of his rights to a speedy trial and to an impartial jury. Among other things, he appears to believe that Defendants conspired to ensure that his trial was put off until "the 2009 presidential election year [because] ratification usually takes place in the 8th and 9th years." Compl. at 2.

Plaintiff also makes a number of references to his belief that, while incarcerated, he "suffered extreme conditions of duress," including allegations that he was "harassed and intimidated by inmates and guards, lied upon . . . locked in solitary confinement for nearly 18 months total . . . [and] denied hygene [sic], proper nutrition, exercise, and sunlight . . . [and] [c]orrectional staff had inmates to purposely throw urine at [him] and on several occasions, [he] had spit in [his] food . . . [and] [p]roper medical attention was also denied, and [he] was left in pain for extended periods, without relief." *Id.* at 7. Plaintiff appears to believe that this treatment was designed to force him to accept a plea bargain.

Further, Plaintiff also seeks to challenge the evidence that served as the basis for his conviction, mentions his belief that he received ineffective assistance of counsel, and describes

facts indicating that he was beaten by correctional staff and that his personal property was illegally taken by prison officials sometime in May of 2010.

Plaintiff groups his claims for relief into three categories: (1) a speedy trial violation; (2) a cruel and unusual punishment claim; and (3) a "constitutional violation of the Fifth, Sixth, and Fourteenth Amendments" whereby he was denied effective counsel, his right to present evidence, and his right to an impartial jury. *Id.* at 11. Plaintiff asks that the Court order monetary damages, provide him with "fair and effective councel [sic] who will represent him to overturn these constitutional violations," and for "protection from these politicians." *Id.* at 12.

## ANALYSIS

Plaintiff has asserted jurisdiction solely pursuant to 42 U.S.C. § 1983. Section 1983 provides a private right of action where a person acting under the color of state law deprives an individual of a federally protected right. 42 U.S.C. § 1983.

After careful review of Plaintiff's Complaint [DE-1], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that the complaint survives frivolity review *in part*. Plaintiff has alleged sufficient facts in support of a conditions of confinement claim under Section 1983 in order to proceed against Defendants County of Cumberland and City of Fayetteville. However, the complaint fails to state any claim upon which relief may be granted against Defendants Price, Condlin, Berry, Bray, Standard and Cunningham, and fails to state a claim upon which relief may be granted against Defendants County of Cumberland and City of Fayetteville as to any of the other causes of action asserted.

Accordingly, for the reasons that follow, the Court **RECOMMENDS** that the complaint be **DISMISSED** in its entirety as to Defendants Price, Condlin, Berry, Bray, Standard, and Cunningham and further **RECOMMENDS** that the complaint be allowed to proceed *only* as to

the Section 1983 conditions of confinement claim against Defendants County of Cumberland and City of Fayetteville.

### 1. Claims against Defendants Price, Condlin, Berry, Bray, Standard, and Cunningham

Six of the eight defendants in this action—Defendants Price, Condlin, Berry, Bray, Standard, and Cunningham—are private citizens and North Carolina attorneys. Private citizens are not subject to liability under Section 1983 unless they engage in conduct that qualifies as state action. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (internal quotation marks omitted)). It appears to the Court that several of the attorneys named as defendants in this action served as court-appointed counsel to Plaintiff at some point. However, the Fourth Circuit has determined that state court-appointed attorneys do not act under color of state law for purposes of Section 1983 liability. *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). With regard to the attorneys named as defendants who were not court-appointed, Plaintiff has alleged no facts that could conceivably support a finding that they engaged in state action or attempted to explain how this could possibly be the case, beyond a blanket statement that "all attorneys work together to protect the state." Compl. at 8. Therefore, because court-appointed attorneys are not state actors and Plaintiff has failed to allege any other facts in support of the state action requirement, Plaintiff's complaint fails to state a claim for relief under Section 1983 as to these six defendants.

### 2. Claims against Defendants County of Cumberland and City of Fayetteville

The remaining two defendants in this action are the County of Cumberland and the City of Fayetteville. In *Monell v. Dep't of Soc. Servs. of City of New York*, the Supreme Court held

that municipalities and other local governments are "persons" subject to liability for constitutional violations under Section 1983. 436 U.S. 658, 690 (1978). The Fourth Circuit has held that a county is considered to be a municipal entity for purposes of Section 1983. *See, e.g., Revene v. Charles County Commissioners*, 882 F.2d 870, 874 (4th Cir. 1989). Accordingly, in theory, Plaintiff may maintain a Section 1983 claim against the remaining two defendants, and the Court will address each of the claims potentially raised in turn.

### a. Claim regarding May 2010 beating

Plaintiff describes facts indicating that he was beaten by correctional staff and that his personal property was illegally taken by prison officials sometime in May of 2010. However, he also states several times in the instant complaint that he is in the process of preparing a *separate* Section 1983 complaint regarding this alleged beating and thus it appears to the Court that he did *not* intend to formally make that claim here. Compl. at 10; Compl. at Ex. 3 [DE-1-3] at 5, 8. Accordingly, due to Plaintiff's clear intent to file a separate action regarding the alleged May 2010 beating, as well as his failure to name as a defendant any of the correctional officers or institutions that might have been involved, the Court declines to read a Section 1983 claim regarding this event into the instant complaint.

### b. Conditions of confinement claim

As described in the above statement of facts, Plaintiff makes a number of references to his belief that, while incarcerated, he "suffered extreme conditions of duress," and has asserted "cruel and unusual punishment" as one of his claims for relief. Giving due regard to Plaintiff's *pro se* status, the Court will treat this as an attempt to assert a Section 1983 claim regarding the conditions of his confinement.

5

The Prison Litigation Reform Act (hereinafter "the PLRA") requires a prisoner to properly exhaust his administrative remedies before filing an action under Section 1983 concerning his confinement. *Woodford v. Neo*, 548 U.S. 81, 83-85 (2006); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. *Woodford*, 548 U.S. at 85. Here, Plaintiff has attached copies of three grievances filed with correctional institutions and two pieces of correspondence from the North Carolina Department of Corrections. Compl. at Ex. 6 [DE-1-6] at 1-6. However, one of these documents relates to a request for a court date and the other four to the May 2010 beating discussed in Section 2.a, *supra*. Therefore, Plaintiff has provided no evidence to the Court indicating that he has exhausted his administrative remedies regarding any potential conditions of confinement claim prior to filing this action.

Furthermore, a municipality or one of its agencies may only be found liable under Section 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *see also Berkley v. Common Council of City of Charleston*, 63 F.3d 295 (4th Cir. 1995). Not only has Plaintiff failed to add any correctional institution or officer as a defendant in this action, but he has alleged no facts tending to support an inference that any conditions that he was subjected to were in any way part of a policy.

However, despite the fact that Plaintiff has neither provided the Court with proof that he has exhausted his administrative remedies nor alleged any facts tending to support a finding that his conditions of confinement were part of an institutional policy, the Court cannot say with

certainty that Plaintiff's complaint completely fails to state a claim for relief under Section 1983 as to his conditions of confinement. Accordingly, the Court finds that Plaintiff's complaint has alleged sufficient facts to survive frivolity review as to the Section 1983 conditions of confinement claim *only*.

### c. Other claims

Plaintiff also has attempted to use this action to challenge the evidence used to secure his conviction, assert a speedy trial violation, and make claims of ineffective assistance of counsel. However, a Section 1983 action is not the appropriate vehicle for any of these claims and, accordingly, Plaintiff has failed to state a claim upon which relief may be granted as to any and all other claims asserted in the complaint.

### CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Complaint [DE-1] be **DISMISSED** in its entirety as to Defendants Price, Condlin, Berry, Bray, Standard, and Cunningham. The Court further **RECOMMENDS** that the complaint be allowed to proceed against Defendants County of Cumberland and City of Fayetteville as to the Section 1983 conditions of confinement claim *only*. However, the Court also **RECOMMENDS** that the complaint be **DISMISSED** for failure to state a claim upon which relief may be granted as to any and all other causes of action.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds

7

Case 5:11-ct-03208-FL Document 3 Filed 04/18/11 Page 7 of 8

of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 18th day of April, 2011.

_____
DAVID W. DANIEL
United States Magistrate Judge