IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-101-FL

| | |
|---|---|
| KEITH JAMES SEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEBRA PRICE; BERNARD | ) |
| CONDLIN; SUE GENRICH BERRY; | )   ORDER |
| DEE W. BRAY; ALLISON | ) |
| STANDARD; BRUCE T. | ) |
| CUNNINGHAM, JR.; | ) |
| MUNICIPALITY OF CUMBERLAND | ) |
| COUNTY; and CITY OF | ) |
| FAYETTEVILLE, | ) |
| | ) |
| Defendants. | ) |

This matter came before the court on a myriad of motions filed by *pro se* plaintiff, which include several motions to amend the complaint (DE ## 2, 5, 12), motion to appoint counsel (DE # 7), motion to give a return date (DE # 9), motion for extension of time (DE # 14), motion for an order requiring the United States Marshals to serve defendants (DE # 15), and motion for temporary restraining order or preliminary injunction (DE #16).

STATEMENT OF THE CASE

*Pro se* plaintiff, a North Carolina state inmate, filed this action on March 7, 2011, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff named as defendants in this action six attorneys that worked in some capacity at various points during plaintiff's criminal prosecution in state court (collectively, "the attorney defendants"). Also named as defendants are the County of Cumberland ("the County") and the City of Fayetteville ("the City"). In general,

plaintiff asserts the following claims: (1) a speedy trial violation; (2) a cruel and unusual punishment claim; and (3) constitutional claims related to the alleged denial of effective assistance of counsel, the right to present evidence, and the right to an impartial jury.

The matter was referred to the magistrate judge for frivolity review. The magistrate judge thoroughly reviewed plaintiff's allegations as then framed and submitted his memorandum and recommendation ("M&R") on April 18, 2011, wherein it was recommended to the undersigned that the complaint be dismissed in its entirety as to the attorney defendants, and that the complaint be allowed to proceed against the County and the City *only* as to the conditions of confinement claim.

Plaintiff has since made numerous motions and other filings, which are addressed individually in the court's discussion, below.

DISCUSSION

A.  Motions to Amend

Plaintiff has filed three voluminous motions to amend the complaint, seeking leave to amend to add additional defendants and further factual allegations. Mindful of the more liberal treatment to which *pro se* pleadings are entitled, see White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989), and with deference to Rule 15 of the Federal Rules of Civil Procedure which mandates that leave to amend "shall be freely given when justice so requires," see Foman v. Davis, 371 U.S. 178, 182 (1962), the court has determined that plaintiff's amendments shall be provisionally ALLOWED.

In light of plaintiff's rapid fire filings which include numerous amendments to the complaint as well as objections to the M&R, it is necessary for the court now to RECOMMIT the matter to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge should consider the amalgamation of plaintiff's amendments that have herein been provisionally allowed, and should

renew or revise his recommendations, as appropriate, in form of supplemental M&R, also in light of the stated objections. The magistrate judge should consider the amendments in their entirety, but the court specifically requests that the magistrate judge address plaintiff's assertions that the attorney defendants conspired with the government sufficiently to constitute state action for purposes of § 1983. (See DE #5; DE #6 at 2-3).

In light of plaintiff's pending motion for injunctive relief, the undersigned requests that the magistrate judge undertake his consideration of these matters as soon as practicable. Upon issuance by the magistrate judge of supplemental M&R, plaintiff shall have opportunity to renew his objections or make other or different objections as he sees fit, in accordance with the rules.

B.    Motion to Appoint Counsel

Plaintiff alleges that this case is complex such that he is entitled to the appointment of counsel. Plaintiff's motion to appoint counsel is hereby REFERRED to the magistrate judge pursuant to 28 U.S.C. § 636 for consideration together with those matters discussed above. Upon making recommendation to the court regarding which, if any, of plaintiff's claims should be allowed to proceed, the court requests that the magistrate judge also inform the court as to whether, in his estimation, the claims which are recommended to proceed are so complex as to warrant the appointment of counsel, and to make recommendation accordingly.

C.    Motion for Return Date

In his "Motion for Return Date," plaintiff appears to request that the court impose a specific deadline by which defendants must file response to plaintiff's motion to appoint counsel. Plaintiff's motion raises no justiciable issue where a frivolity determination has not yet been made and no defendants have been properly served. Plaintiff is assured that, should some or all of his claims be

3

deemed not frivolous and thus be permitted to proceed, proper motions practice procedures will be followed. Absent a compelling showing, however, the court will not abrogate the normal response deadlines established by Local Civil Rule 7.1, which provides that responses to non-discovery motions must be filed within twenty-one (21) days after service of the motion in question. Plaintiff will be permitted, however, at the appropriate time, to request that the court establish an expedited briefing schedule through filing an appropriate motion and memorandum in support. Accordingly, plaintiff's motion for return date is DENIED.

D.  Motion for Extension of Time; Motion for an Order Requiring the US Marshals to Serve Defendants

Also appearing on the docket is plaintiff's "Motion for Extension of Time to Serve the Complaint" and plaintiff's "Motion for an Order Requiring the US Marshals to Serve Defendants." Insomuch as the frivolity determination remains pending due to plaintiff's voluminous amendments, these motions are untimely where the complaint need not be served until a frivolity determination has been made. Accordingly, plaintiff's motions are DENIED.

E.  Motion for Temporary Restraining Order or Preliminary Injunction

Plaintiff seeks a temporary restraining order or preliminary injunction "to ensure that he is not further harrassed [sic], threatened, deprived of liberty, property, or abused." (Mot. for Inj., 1) In support of his motion, plaintiff asserts that, in the past, he suffered "cruel conditions of pretrial confinement," was "denied medical care," and was "beaten by correctional staff." (Id.) Plaintiff additionally asserts that he "continues to be harrassed [sic] and threatened." (Id., 2)

First, to the extent plaintiff's motion seeks issuance of a temporary restraining order, plaintiff's motion is DENIED. Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the

4

absence of "specific facts [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Fed.R.Civ.P. 65(b)(1). Plaintiff complains of specific examples of mistreatment that occurred during 2008 and 2009, but only vaguely asserts that he currently is being harassed and threatened. Plaintiff does not offer specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to plaintiff without a temporary restraining order. Accordingly, plaintiff's motion for temporary restraining order is DENIED.

It appears to the court that the more proper vehicle for plaintiff's complaints is the motion for a preliminary injunction remaining. Pursuant to Rule 65(a)(1), the court may not issue a preliminary injunction absent notice to the adverse party. Here, plaintiff's motion for preliminary injunction is HELD IN ABEYANCE pending entry into the case by defendants following completion of frivolity review.

F.     Plaintiff Shall Temporarily Refrain From Filing

Finally, the court notes that plaintiff's prolific filings absorb the court's resources which more appropriately should be devoted to consideration of amendments to the complaint and substantive matters already raised. In light of the court's objective to achieve the just, speedy, and inexpensive determination of this and every action, in keeping with Rule 1 of the Federal Rules of Civil Procedure, plaintiff is ORDERED to refrain from making further filings in this matter until such time as the court completes frivolity review and determines those portions of plaintiff's complaint that shall be allowed to proceed. Until that time, plaintiff is cautioned that any attempted filings may be summarily disregarded.

CONCLUSION

Plaintiff's motions to amend (DE ## 2, 5, 12) are provisionally ALLOWED and the entire matter is RECOMMITTED to the magistrate judge for reconsideration. In light of plaintiff's pending request for injunctive relief, the undersigned requests that the magistrate judge recommit himself to the matter as soon as practicable. Plaintiff's motion to appoint counsel (DE ## 7, 8) similarly is REFERRED to the magistrate judge.

Plaintiff's motion for a return date (DE # 9) is DENIED as untimely, as are plaintiff's motion for extension of time (DE # 14) and motion for order requiring the United States Marshal to serve defendants (DE # 15). Plaintiff's motion for temporary restraining order (DE #16) is DENIED; however plaintiff's motion for preliminary injunction (DE #16) is HELD IN ABEYANCE pending entry into the case by defendants following completion of the frivolity determination.

Finally, plaintiff is ORDERED to refrain from making further filings in this matter until the court's frivolity review is complete, and plaintiff is cautioned that any attempted filings may be summarily disregarded.

SO ORDERED, this the 26th day of May, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge