IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3208-FL

| | |
|---|---|
| KEITH JAMES SEARS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   ORDER<br>) |
| DEBRA PRICE; BERNARD P. CONDLIN; SUE GENRICH BERRY; DEE W. BRAY; ALLISON STANDARD; BRUCE T. CUNNINGHAM, JR. THE MUNICIPALITY OF CUMBERLAND COUNTY; THE CITY OF FAYETTEVILLE; CUMBERLAND COUNTY JAIL HEALTHCARE; CUMBERLAND COUNTY JAIL'S HEALTH AND DENTAL CARE PROVIDERS; JOHN DOE DOCTOR; MAJOR J. MCRAINEY; CAPTAIN J. TYNDALL; SERGEANT ADRIENNE DENISE TAPPS; AND JOHN DOE DENTIST, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter comes before the court on the motions to dismiss filed by defendant the City of Fayetteville (DE # 52), Debra Price ("Price") (DE # 64), Bernard Condlin ("Condlin") (DE # 82), and Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Dentist ("J.D. Dentist"), John Doe Doctor ("J.D. Doctor"), J. McRainey ("McRainey"), Municipality of Cumberland County, Adrienne Denise Tapps ("Tapps"), and J. Tyndall ("Tyndall") (collectively "Cumberland County defendants") (DE # 92). Plaintiff responded

to defendants' motions to dismiss, and the City of Fayetteville filed a reply to their motion. Also before the court are plaintiff's motion for a preliminary injunction (DE # 16), motion for an extension of time to serve his complaint (DE # 40), motion for extension of time to respond (DE # 72), motion for leave to take early discovery (DE # 108), motion to strike Condlin's motion to dismiss (DE # 109), motion for discovery and motion to stay (DE # 115), motion to appoint counsel (DE # 119), motion for rulings (DE # 125), and motion to expedite (DE # 127). Defendants did not respond to plaintiff's motions, except that Condlin responded to plaintiff's motion to strike, motion for discovery and motion to stay, and motion to appoint counsel. Plaintiff filed a reply to his motion for discovery and to stay. Finally, the matter is before the court on the motions for a protective order filed by Condlin (DE # 63), Price (DE # 66), the City of Fayetteville (DE # 74), and Cumberland County defendants (DE # 91), as well at the City of Fayetteville's second motion for a protective order (DE # 124). Plaintiff responded to defendants' motions for a protective order. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court rules as follows.

**STATEMENT OF THE CASE**

On March 7, 2011, plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated in various ways since his June 21, 2007, arrest on kidnaping and assault charges. The court referred the matter to the magistrate judge to conduct a frivolity review of plaintiff's complaint, and the magistrate judge submitted his memorandum and recommendation ("M&R") on April 18, 2011. Plaintiff subsequently made numerous filings, including three motions to amend his complaint, a motion to appoint counsel, and a motion for a temporary restraining order and for a preliminary injunction.

On May 26, 2011, the court entered an order noting the recommendation of the magistrate judge, but acknowledging plaintiff's numerous subsequent filings. The court then provisionally allowed plaintiff's motions to amend and re-committed the matter to the magistrate judge with direction to renew and revise the original M&R, in light of the amendments, and to address the motion to appoint counsel. The court also denied plaintiff's motion for a temporary restraining order. However, the court held plaintiff's motion for a preliminary injunction in abeyance pursuant to Rule 65(a)(1), pending entry into the case by defendants following a completion of the court's frivolity review.

On June 20, 2011, the magistrate judge issued his renewed M&R, taking into account plaintiff's amendments. Plaintiff objected to the M&R's finding as to his motion to appoint counsel, but otherwise stated that he agreed with the magistrate judge's recommendations.

On August 9, 2011, the court entered an order in which it overruled plaintiff's objections to the portion of the magistrate judge's order denying his motion to appoint counsel, and adopted in full the findings and recommendations of the magistrate judge. The court granted in part and denied in part plaintiff's motions to amend. The court specifically adopted the following findings by the magistrate judge:

 i. Plaintiff's complaint shall be dismissed in its entirely as to defendants Berry, Bray, Standard, and Cunningham;
 ii. A § 1983 conditions of confinement claim shall be permitted to proceed against Price and Condlin;
 iii. A § 1983 conditions of confinement claim shall be permitted to proceed as against the County and the City;
 iv. The complaint shall not be amended to add Cumberland County Sheriff's Department as a defendant;
 v. The complaint shall be amended to add Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist as defendants, and allow a § 1983 claim for deliberate

3

>       indifference under the Eighth Amendment to proceed against them;
>   vi. The complaint shall be amended to add McRainey, Tyndell, and Tapps as defendants and allow a § 1983 conditions of confinement claim to proceed against them; and
>   vii. Any and all other claims purportedly raised by the complaint(s) shall be dismissed in their entirety.

The court acknowledged that defendants would have a difficult time discerning from the several amendments scattered across the docket exactly what claims plaintiff stated and against whom. Accordingly, the court allowed plaintiff the opportunity to file one amended complaint to state only those claims and defendants that the court permitted to proceed. The court also denied as premature plaintiff's motion requesting the United States Marshals Service to serve summons and complaint.

On September 2, 2011, plaintiff filed his amended complaint in compliance with the court's August 9, 2011, order. Plaintiff subsequently filed a motion for an extension of time to serve his complaint. The City of Fayetteville, Price, Condlin, and the Cumberland County defendants subsequently filed motions to dismiss pursuant to Rules 12(b)(1), (b)(2), and (b)(6), as well as motions for a protective order.[1] These matters were fully briefed.

Plaintiff subsequently filed two motions for discovery, a motion to stay discovery, a motion to strike Condlin's motion to dismiss, and a motion to appoint counsel. Condlin responded to plaintiff's motions. The Cumberland County defendants also filed a second motion for a protective order. Finally, plaintiff filed a motion for this court to rule on his pending motions and a motion to expedite.

---

[1] The City of Fayetteville also filed a second motion for a protective order.

## DISCUSSION

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

In this case, plaintiff's most recent pleadings lack clarity and suggest a lack of capacity to proceed with his action. Accordingly, the court appoints North Carolina Prisoner Legal Services ("NCPLS") to represent plaintiff in this action, and plaintiff's motion to appoint counsel is GRANTED.

B.  Discovery-Related Motions

Plaintiff filed two motions for discovery. Defendants each have filed motions for a protective order pursuant to Federal Rule of Civil Procedure 26(c). Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or persons from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Further, a court may, within its discretion, issue a Rule 26(c) protective order to "stay discovery pending a

5

determination of a dispositive motion[.]" Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003).

Here, defendants request a protective order governing discovery until after the court rules upon the pending motions to dismiss and enters a case management order governing discovery. For good cause shown, the court GRANTS defendants' respective motions for a protective order, and stays discovery in this action until NCPLS enters its notice of appearance. Accordingly, plaintiff's motions for discovery are DENIED without prejudice.

Finally, the court turns to plaintiff's requests that the court stay the action pending discovery. Plaintiff, in large part, argues that the action should be stayed pending discovery so that he has the opportunity to discover the identity of the defendants he describes as Cumberland County Healthcare, Cumberland County Jail's Health and Dental Care Providers, J.D. Dentist, and J.D. Doctor. As discussed *infra*, the court has not dismissed these parties from this action. Thus, the court DENIES plaintiff's motion to stay.

C.  Motion for a Preliminary Injunction

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A temporary restraining order or preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary injunction or preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely

6

to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, *20 (2008); The Real Truth About Obama, Inc., 575 F.3d at 346.

Here, plaintiff complains of specific examples of mistreatment that occurred during 2008 and 2009, but only vaguely asserts that he currently is being harassed and threatened. Plaintiff additionally has not demonstrated that he is likely to succeed on the merits, or alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that a preliminary injunction order in this case is in the public interest. Thus, plaintiff's motion for a preliminary injunction is DENIED.

D.      Motion to Strike Condlin's Motion to Dismiss

Plaintiff moves to strike Condlin's motion to dismiss on the grounds that Condlin filed double-sided exhibits in violation of this court's Local Rule 10.2. Condlin states that he served plaintiff with double-sided exhibits, but did not submit double-sided exhibits to the court. Rather, he filed his motion to dismiss and exhibits electronically. Because Condlin did not file double-sided exhibits with this court, plaintiff's motion to strike is DENIED.

E.      Motion to Dismiss

1.      Standard of Review

The City of Fayetteville, Condlin, and Price moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion

7

attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

The City of Fayetteville, the Cumberland County defendants, Condlin, and Price moved to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that

8

makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2. Analysis

a. City of Fayetteville

The City of Fayetteville argues that plaintiff failed to state a claim against it because he did not allege any injury traceable to its action. In particular, the City of Fayetteville correctly states that plaintiff's allegations are limited to actions taken by the Cumberland County Jail staff, guards, other inmates, contract doctors, dentists, nurses, a state district attorney, and a state public defender. In response, plaintiff alleges that City of Fayetteville employees Officer Shannon Oldenwelder ("Oldenwelder") and Detective J.T. Brown ("Brown") violated his constitutional rights. The City of Fayetteville, however, submitted an affidavit from Human Resources Assistant Director Erica Hoggard, stating that Oldenwelder and Brown have never been employed by the City of Fayetteville.

Because the City of Fayetteville submitted an affidavit that is outside of the pleadings, the court converts the City of Fayetteville's motion into a motion for summary judgment and directs the Clerk of Court to issue a Rule 56 letter. The court allows the parties the opportunity to respond in accordance with this court's locals rules of practice and procedure.

b. Condlin and Price

Plaintiff alleges that Condlin and Price conspired with the state to keep plaintiff under cruel conditions of confinement, to affect his competency to stand trial, to tactically delay his trial, to cause deliberate mental anguish, to make his mind fragile, and to tactically schedule his trial during the Presidential election year. Although criminal defense attorneys generally do not act "under color of" state law in exercising their function as a lawyers, an allegation that a criminal defense attorney

9

conspired with state officials to deprive an inmate of federal rights may state a claim under § 1983. See Tower v. Glover, 467 U.S. 914 (1984). To establish a civil conspiracy, a plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right . . . ." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See id. at 421–23. Rather a plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. at 421.

In this case, plaintiff makes the following allegations in support of his conspiracy claim:

> [C]orporate corruption during recession. A year of termination of partnerships between third persons (stocks). This was ISREAL'S 60 year of ratification. Tabor Correctional was built in time for this election. TABOR means (1) a mountain in ISREAL. (2) To kill. The word OPUS means a literary composition. Opus Nullum-supernatural. OPUS manufactum-new structure. (TABOR). ISREAL means JACOB. JACOB means JAMES (English Kings) . . . .

Pl.'s Resp. to Price Mot. for Summ. J. (DE # 86) p. 6.

> Whether Condlin's action(s) were deliberate and the final stage(s) of a tactical, conspirital (sic), delay to cause a real injury to the plaintiff by means of false imprisonment and to make the plaintiff a part of the newly built opus manufactum (sic) structure called TABOR, during a year of impairment of con-tract(s) and right(s) of stockholder(s). In la[ymans] terms, 'WHETHER CONDLIN intentionally set up the plaintiff's trial to make him a part of the stock market during a year of impairment of contract(s). (The CROSS) X. (8) WHETHER 2008-09 was ISREAL'S 60th year of ratification (1948-2008). (9) WHETHER there was an impairment of Kontract(s) (sic) which led to the recession, during election year.

Pl.'s Resp. to Condlin's Mot. for Summ. J. (DE # 110) p. 2.

The court finds that these facts are not sufficient to establish a conspiracy claim. Rather, plaintiff merely has presented conclusory and nonsensical allegations of a conspiracy. Thus, plaintiff failed to state a conspiracy claim against Condlin or Price.

As for plaintiff's remaining allegations regarding the actions of Condlin and Price in plaintiff's state criminal action, plaintiff fails to state a claim because Condlin and Price are not state actors. The party charged with a constitutional deprivation must be a state actor. Debauche v. Trani, 191 F.3d 499, 506-507 (4th Cir. 1999). Defense attorneys do not act under color of state law and, therefore, are not amendable to suit under § 1983, whether privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981). See also Georgia v. McCollum, 505 U.S. 42, 53 (1992). Thus, Condlin and Price are not state actors and are not liable for their actions as plaintiff's attorneys in the course of plaintiff's criminal trial.

Finally, the court turns to plaintiff's allegations that Condlin and Price violated his Fourteenth Amendment rights because they acted with deliberate indifference to his conditions of confinement. Although this court must liberally construe plaintiff's *pro se* complaint, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Plaintiff has not plead any factual allegations that state a plausible claim for relief on a conditions of confinement claim against Condlin or Price. Thus, plaintiff has failed to state a conditions of confinement claim against Condlin or Price.

11

### c. Cumberland County Defendants

#### 1. Cumberland County

Cumberland County contends that it should be dismissed from this action because it may not be held liable for the acts or omissions of the sheriff or his officers. A county may only be held liable for acts for which it has "final policymaking authority." City of St. Louis v. Proprotnik, 485 U.S. 112, 124 (1988). "[A] municipality cannot be held liable simply for employing a tortfeasor." Riddick v. Sch. Bd. of City of Portsmouth, 238 F.3d 518, 522 (4th Cir. 2000). As the Fourth Circuit explained in Riddick: "Because section 1983 was not designed to impose municipal liability under the doctrine of respondeat superior, the 'official policy' requirement was 'intended to distinguish acts of the municipality from the acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.' " Riddick, 238 F.3d at 523 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986)); see also, Spell v. McDaniel, 824 F.2d 1380, 1386-87 (4th Cir. 1987).

In this case, plaintiff alleges that Cumberland County is liable for the actions of its employees, and has not asserted a claim pursuant to any official Cumberland County policy. Because plaintiff appears to improperly assert that Cumberland County is liable pursuant to a theory of *respondeat superior*, Cumberland County's motion to dismiss is GRANTED.

#### 2. Remaining Cumberland County Defendants

Plaintiff alleges that the remaining Cumberland County defendants acted with deliberate indifference to his serious medical needs and his mental health. The standard for deliberate indifference under the Fourteenth Amendment is the same as under the Eighth Amendment. Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001). "In order to make out a *prima facie* case that prison

12

conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Plaintiff alleges that the remaining Cumberland County defendants acted with deliberate indifference to his serious medical needs because they failed to provide him treatment for his broken hand for fourteen (14) days and that they denied him surgery causing his hand to heal incorrectly. Plaintiff additionally states that the remaining Cumberland County defendants denied him treatment for a broken and abscessed tooth for several months. Delay of medical treatment or interference with medical treatment may be sufficient to constitute a violation of the Eighth Amendment.[2] See Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009); Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008). Based upon the foregoing, the court finds that plaintiff has stated a Fourteenth Amendment claim against the remaining Cumberland County defendants.

### 3. Failure to Properly Identify defendants

The parties agree that plaintiff has not properly identified the parties plaintiff refers to as Cumberland County Jail Healthcare, Cumberland County Jail's health and dental care providers, John Doe doctor, and John Doe dentist. Plaintiff states that he is unable to discover the identity of

---

[2] The court notes that plaintiff's complains of other unconstitutional prison conditions including lack of exercise, lack of hygiene supplies, and placement in segregation.

13

these parties. Accordingly, the court allows plaintiff, through newly appointed counsel, thirty (30) days to discover the identity of the incorrectly identified parties.

4. Punitive Damages

The remaining Cumberland County defendants argue that plaintiff's claims do not support an award of punitive damages. Punitive damages may be awarded in a § 1983 action under appropriate circumstances to punish violations of constitutional rights. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267-268 (1981). Punitive damages may be awarded for "conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). The Fourth Circuit has determined that the callous indifference required for punitive damages is the same as the deliberate indifference required for a finding of liability in a § 1983 claim. Cooper, 814 F.2d at 948. Plaintiff alleges deliberate indifference in this case. Thus, he has sufficiently plead a claim for punitive damages, and defendants' motion to dismiss plaintiff's claim for punitive damages is DENIED.

## CONCLUSION

For the foregoing reasons, the court finds:

(1)   Plaintiff's motion for a preliminary injunction (DE # 16) is DENIED.

(2)   The City of Fayetteville's motion to dismiss (DE # 52) is converted into a motion for summary judgment. The Clerk of Court is DIRECTED to issue a Rule 56 letter, and the parties are permitted to respond in accordance with this court's local rules.

(3)   The motions for a protective order filed by Condlin (DE # 63), Price (DE # 66), the City of Fayetteville (DE # 74), and the Cumberland County defendants (DE # 91) are

GRANTED. Discovery is stayed until NCPLS enters its notice of appearance on behalf of plaintiff. Because the court granted the Cumberland County defendants' motion for a protective order, their second motion for a protective order (DE # 124) is DENIED as moot.

(4) Plaintiff's motion for leave to take early discovery (DE # 108) and motion for discovery (DE # 115) are DENIED without prejudice. Plaintiff's motion to stay discovery (DE # 115) is DENIED.

(5) The motions to dismiss filed by Price (DE # 64) and Condlin (DE # 82) are GRANTED.

(6) The Cumberland County defendants' motion to dismiss (DE # 92) is GRANTED as to plaintiff's claims against Cumberland County, but DENIED as to the remaining defendants. Plaintiff, through counsel, has an additional thirty (30) days to provide the court with the proper names of the defendants identified as Cumberland County Jail Healthcare, Cumberland County Jail's health and dental care providers, John Doe doctor, and John Doe dentist. Because the identity of the proper parties has not yet been ascertained, plaintiff's motion for an extension of time to serve his complaint (DE # 40) is GRANTED.

(7) Plaintiff's motion to strike Condlin's motion to dismiss (DE # 109) is DENIED.

(8) Because the court ruled on plaintiff's pending motions, his motion for ruling (DE # 125) and motion to expedite (DE # 127) are DENIED as moot.

(9) Because plaintiff has responded to each pending motion, his motion for an extension of time to respond to all pending motions (DE # 72) is DENIED as moot.

(10) Plaintiff's motion to appoint counsel (DE # 119) is GRANTED. The court appoints NCPLS to represent plaintiff in this matter. NCPLS is DIRECTED to file a notice of appearance within fourteen (14) days of the date of this order. The court notifies plaintiff that all future filings in this action should be submitted through his appointed counsel, NCPLS.

(11) The Clerk of Court is DIRECTED to issue an initial order after NCPLS enters its notice of appearance.

SO ORDERED, this the 16th day of March, 2012.

LOUISE W. FLANAGAN
United States District Judge