IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3208-FL

| | |
|---|---|
| KEITH JAMES SEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEBRA PRICE; BERNARD P. ) | |
| CONDLIN; SUE GENRICH BERRY; ) | |
| DEE W. BRAY; ALLISON ) | |
| STANDARD; BRUCE T. ) | |
| CUNNINGHAM, JR., THE ) | |
| MUNICIPALITY OF CUMBERLAND ) | ORDER |
| COUNTY; THE CITY OF ) | |
| FAYETTEVILLE; CUMBERLAND ) | |
| COUNTY JAIL HEALTHCARE; ) | |
| CUMBERLAND COUNTY JAIL'S ) | |
| HEALTH AND DENTAL CARE ) | |
| PROVIDERS; JOHN DOE DOCTOR; ) | |
| MAJOR J. MCRAINEY; CAPTAIN J. ) | |
| TYNDALL; SERGEANT ADRIENNE ) | |
| DENISE TAPPS; and JOHN DOE ) | |
| DENTIST, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion for summary judgment filed by defendant the City of Fayetteville (DE # 52), to which plaintiff did not respond. Also before the court are plaintiff's "motion to amend [his] pending motion for alternative appointment of counsel" (DE # 166), motion to amend his complaint (DE # 169), and motion for discovery (DE # 170). The City of Fayetteville responded to plaintiff's motion for discovery and motion to amend his complaint, but did not respond to plaintiff's remaining motion. Finally before the court is the motion to

withdraw as attorney and to hold the scheduling order in abeyance (DE # 167) filed by plaintiff's attorney Michelle Luecking-Sunman. Plaintiff responded to his counsel's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court rules as follows.

## STATEMENT OF THE CASE

The court here incorporates the below portion of the statement of facts as set forth in its March 16, 2012, order.

> On March 7, 2011, plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated in various ways since his June 21, 2007, arrest on kidnaping and assault charges. The court referred the matter to the magistrate judge to conduct a frivolity review of plaintiff's complaint, and the magistrate judge submitted his memorandum and recommendation ("M&R") on April 18, 2011. Plaintiff subsequently made numerous filings, including three motions to amend his complaint, a motion to appoint counsel, and a motion for a temporary restraining order and for a preliminary injunction.
>
> On May 26, 2011, the court entered an order noting the recommendation of the magistrate judge, but acknowledging plaintiff's numerous subsequent filings. The court then provisionally allowed plaintiff's motions to amend and re-committed the matter to the magistrate judge with direction to renew and revise the original M&R, in light of the amendments . . .
>
> On June 20, 2011, the magistrate judge issued his renewed M&R, taking into account plaintiff's amendments. On August 9, 2011, the court entered an order in which it overruled plaintiff's objections to the portion of the magistrate judge's order denying his motion to appoint counsel, and adopted in full the findings and recommendations of the magistrate judge. The court granted in part and denied in part plaintiff's motions to amend. The court specifically adopted the following findings by the magistrate judge:
>
> i. Plaintiff's complaint shall be dismissed in its entirely as to defendants Berry, Bray, Standard, and Cunningham;
> ii. A § 1983 conditions of confinement claim shall be permitted to proceed against Price and Condlin;

2

iii. A § 1983 conditions of confinement claim shall be permitted to proceed as against the County and the City;
iv. The complaint shall not be amended to add Cumberland County Sheriff's Department as a defendant;
v. The complaint shall be amended to add Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist as defendants, and allow a § 1983 claim for deliberate indifference under the Eighth Amendment to proceed against them;
vi. The complaint shall be amended to add McRainey, Tyndell, and Tapps as defendants and allow a § 1983 conditions of confinement claim to proceed against them; and
vii. Any and all other claims purportedly raised by the complaint(s) shall be dismissed in their entirety.

The court acknowledged that defendants would have a difficult time discerning from the several amendments scattered across the docket exactly what claims plaintiff stated and against whom. Accordingly, the court allowed plaintiff the opportunity to file one amended complaint to state only those claims and defendants that the court permitted to proceed. The court also denied as premature plaintiff's motion requesting the United States Marshals Service to serve summons and complaint.

On September 2, 2011, plaintiff filed his amended complaint in compliance with the court's August 9, 2011, order. Plaintiff subsequently filed a motion for an extension of time to serve his complaint. The City of Fayetteville, Price, Condlin, and the Cumberland County defendants subsequently filed motions to dismiss pursuant to Rules 12(b)(1), (b)(2), and (b)(6), as well as motions for a protective order.[1] These matters were fully briefed.

Plaintiff subsequently filed two motions for discovery, a motion to stay discovery, a motion to strike Condlin's motion to dismiss, and a motion to appoint counsel. Condlin responded to plaintiff's motions. The Cumberland County defendants also filed a second motion for a protective order. Finally, plaintiff filed a motion for this court to rule on his pending motions and a motion to expedite.

---

[1] The City of Fayetteville also filed a second motion for a protective order.

On March 16, 2012, the court entered an order granting plaintiff's motion to appoint counsel and appointed North Carolina Prisoner Legal Services ("NCPLS") to represent him. The court also granted the motions for a protective order filed by Condlin, Price, the City of Fayetteville, and the Cumberland County defendants. The court stayed discovery until after NCPLS entered a notice of appearance on behalf of plaintiff, and denied without prejudice plaintiff's motions for discovery. The court also granted the motions to dismiss filed by Condlin and Price. The court granted the Cumberland County defendants' motion to dismiss as to plaintiff's claims against Cumberland County, but it denied as to the remaining defendants. The court also allowed plaintiff the opportunity to amend his complaint to provide the proper names of the defendants identified as Cumberland County Jail Healthcare, Cumberland County Jail's health and dental care providers, John Doe doctor, and John Doe dentist. Finally, the court converted the City of Fayetteville's motion to dismiss into a motion for summary judgment, directed the Clerk of Court to issue a Rule 56 letter, and allowed the parties to respond.

On March 28, 2012, plaintiff filed a response to this court's March 16, 2012, order, requesting, *inter alia*, an extension of time to respond to the City of Fayetteville's motion for summary judgment. On March 30, 2012, NCPLS attorney April Marie Giancola entered a notice of appearance on behalf of plaintiff. Plaintiff subsequently filed a motion to appoint counsel and a motion to appoint alternative counsel. On May 10, 2012, NCPLS attorney Michele Lueking-Sunman filed a motion for substitution of counsel.

On June 1, 2012, the court entered an order granting NCPLS attorney Michele Lueking-Sunman's motion for substitution of counsel. The court also granted plaintiff's request to respond to the City of Fayetteville's motion for summary judgment and allowed him an additional twenty-one

4

(21) days to respond. The court held in abeyance the City of Fayetteville's motion for summary judgment until briefing was complete.

On June 5, 2012, plaintiff filed a motion to amend his pending motion for alternative appointment of counsel. NCPLS attorney Michele Luecking-Sunman subsequently filed a motion to withdraw as plaintiff's counsel. Plaintiff then filed a motion to amend his complaint and an ex parte motion for discovery. The City of Fayetteville responded to plaintiff's motion for discovery and motion to amend.

## DISCUSSION

A.  Motion to Withdraw As Counsel

Plaintiff's attorney Michele Luecking-Sunman requests permission to withdraw on the grounds that the attorney client relationship is unworkable. In particular, Luecking-Sunman asserts that there is a conflict of interest in NCPLS's representation of plaintiff because he initially named NCPLS attorney Allison Standard ("Standard") as a defendant in this action. Although Standard subsequently was dismissed from this action, Luecking-Sunman brought the potential conflict-of-interest issue to plaintiff's attention. Plaintiff responded that he believed Luecking-Sunman's representation of him presented a conflict of interest. Luecking-Sunman informed the court that plaintiff also requested that she file a motion to amend his complaint to again add both Standard and another NCPLS attorney as defendants in this action.

An attorney seeking to withdraw as counsel must establish that her client consents or that a valid and compelling reason exists for the court to grant the motion over an objection. Capacchione v. Charlotte-Mecklenberg Board of Education, 9 F. Supp. 2d 572, 584 (W.D.N.C. 1998). Specifically:

5

> An attorney's obligation to represent his client is one of the paramount obligations undertaken in the attorney-client relationship. Thus, once an attorney or law firm undertakes these duties, the attorney or law firm may not be relieved of these duties without compelling reasons. Of course, an attorney has a continuing obligation to completely disclose to his client any conflicts. Finally, whether an attorney is justified in withdrawing from a case will depend upon the particular circumstances of the case, and no all embracing rule can be formulated.

Id. (internal citations and footnotes omitted). Ultimately, however, "if the district court finds that the attorney's presence is not essential to the administration of justice, the motion should be granted." Town v. Morris, No. 93-1295, 1995 WL 120687, *2 (4th Cir. Mar. 22, 1995) (quotation omitted).

In this case, the court finds that the potential conflict of interest, as well as, the breakdown in communications are compelling reasons to permit NCPLS attorney Luecking-Sunman to withdraw. Additionally, plaintiff consents to the withdrawal of Luecking-Sunman as his counsel in this matter. Thus, Luecking-Sunman's motion to withdraw as counsel is GRANTED.

B.  Motion to Appoint Counsel

Plaintiff requests that the court appoint alternative counsel. Generally, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent

6

... that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Here, the court, in its March 16, 2012, order appointed NCPLS to represent plaintiff on the grounds that plaintiff's filings lacked clarity and suggested a lack of capacity to proceed with his action. Plaintiff now is in the position of proceeding with this action *pro se* and requests appointment of alterative counsel. The court, however, does not find it appropriate to appoint replacement counsel as plaintiff's most recent filings are clear and reflect his ability to proceed with this action *pro se*. Moreover, a review of the court's docket reflects that plaintiff is actively litigating two additional actions in this court *pro se*. See Sears v. United States, No. 5:12-CT-3078-BO (E.D.N.C. Apr. 2, 2012); Sears v. State of North Carolina, No. 5:12-HC-2066-F (E.D.N.C. Mar. 7, 2012). Accordingly, the court finds that there are no exceptional circumstances requiring appointment of counsel at this time, and plaintiff's motion to appoint alternative counsel is DENIED.

C.   The City of Fayetteville's Motion for Summary Judgment

   1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   2.   Analysis

The City of Fayetteville filed a motion for summary judgment arguing that plaintiff failed to state a claim against it because he did not allege any injury traceable to its action. Municipal governments cannot be held liable pursuant to § 1983 on the basis of respondeat superior. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

In this case, plaintiff alleges that the City of Fayetteville should be "held responsible for [his] injury because the City made the arrest, violated the plaintiff's constitutional rights, and their officers failed to protect the plaintiff['s] equal protection rights." Pl's Resp. p. 2. Plaintiff specifically alleges that the City of Fayetteville employees Officer Shannon Oldenwelder ("Oldenwelder") and Detective J.T. Brown ("Brown") violated his constitutional rights. The City of Fayetteville, however, submitted an affidavit from Human Resources Assistant Director Erica Hoggard, stating that Oldenwelder and Brown have never been employed by the City of Fayetteville. Hoggard[2] Aff. ¶ 6. Accordingly, Oldenwelder and Brown are not proper parties to this action, and plaintiff has failed to allege that any City of Fayetteville employee violated his constitutional rights or that a City of Fayetteville policy or custom violated his constitutional rights.

---

[2] Erica Hoggard ("Hoggard") submitted an affidavit in support of the City of Fayetteville's motion for summary judgment. Hoggard is employed by the City of Fayetteville as the Assistant Director of the Human Resources Development Department. Hoggard Aff. ¶ 2.

8

The court, however, is mindful of the fact that plaintiff has not had the opportunity to fully respond to the City of Fayetteville's motion for summary judgment. As a result, plaintiff is ALLOWED the opportunity to particularize his complaint to properly allege a claim against the City of Fayetteville. Because plaintiff may amend his complaint against the City of Fayetteville, the City of Fayetteville's motion to dismiss is DENIED as moot. Should plaintiff fail to comply with this court's order, the City of Fayetteville will be DISMISSED from this action.

D.  Plaintiff's Motion to Amend

On March 16, 2012, the court allowed plaintiff the opportunity, through counsel, to amend his complaint to provide the court with the proper names of the defendants identified as Cumberland County Jail Healthcare, Cumberland County Jail's health and dental care providers, John Doe doctor, and John Doe dentist. Plaintiff filed a subsequent *pro se* motion to amend his complaint on July 13, 2012. It is not clear whether plaintiff's July 13, 2012, amended complaint is in response to the court's March 16, 2012, order.

In response to plaintiff's motion to amend, the City of Fayetteville argues that plaintiff's motion to amend should be denied as futile because it does not meet the plausibility standards set forth by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The court agrees with the City of Fayetteville in that plaintiff's allegations in his July 13, 2012, pleading are insufficient to provide defendants notice of his claims.

The court finds it appropriate to allow plaintiff the opportunity to particularize his amended complaint in light of its March 16, 2012, order. Plaintiff is directed to file only one amended complaint containing both his particularized allegations against the City of Fayetteville as well as

9

his response to the court's March 16, 2012, order. Plaintiff is on notice that his amended pleading must specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Moreover, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed.RCiv.P. 8(a)(2). Plaintiff likewise is warned that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice. The court will review any amended complaint to determine whether severance of plaintiff's claims is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2).

E. Plaintiff's Ex Parte Motion for Discovery

Plaintiff requests that the court order that the parties engage in early discovery. The City of Fayetteville responded to plaintiff's motion, and argues that discovery at this point in the proceedings is premature because no scheduling order has been entered in this action. Second, the City of Fayetteville asserts that discovery is premature given their pending motion for summary judgment. The court, however, has disposed of the City of Fayetteville's motion for summary judgment and is directing the Clerk of Court to issue the scheduling order infra. Because the case management order contains a discovery deadline, plaintiff's motion for discovery is DENIED as moot.

F. Motion to Hold Scheduling Order in Abeyance

Plaintiff moves to hold the issuance of the court's case management order in abeyance to allow plaintiff the opportunity to obtain new counsel and to allow plaintiff the opportunity to file the

10

required responses and amended complaint. The court, however, has denied plaintiff's request for alterative counsel and the court has allowed plaintiff the opportunity to amend his complaint to address the issues raised in his motion to hold the scheduling order in abeyance. Thus, plaintiff's motion is DENIED. The court, however, finds it appropriate to extend the deadlines set forth in the initial order and case management order is as follows:

1. All discovery shall be commenced or served in time to be completed by October 1, 2012.

2. All motions shall be filed in compliance with Local Civil Rule 7.1.[3]

3. All motions, including dispositive ones, shall be filed by November 1, 2012.

This case management order shall not be modified except by leave of court upon a showing of good cause. Should the case remain pending after the conclusion of discovery and resolution of any dispositive motion(s), the court will then issue a separate order setting the trial date and any pre-trial procedures, or such other and further orders as the court deems appropriate.

## CONCLUSION

For the foregoing reasons, the court finds:

(1) The City of Fayetteville's motion to dismiss (DE # 52) is DENIED as moot.

---

[3] Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However ... a party desiring to reply to matters initially raised in a response ... shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."

11

(2) NCPLS attorney Michele Luecking-Sunman's motion to withdraw (DE # 167) is GRANTED, but her motion to hold the scheduling order in abeyance (DE # 167) is DENIED.

(3) Plaintiff's "motion to amend [his] pending motion for alternative appointment of counsel" (DE # 166) is DENIED.

(4) Plaintiff's motion to amend (DE # 169) is GRANTED, and plaintiff is ALLOWED twenty-one (21) days to amend his complaint as set forth in detail herein.

(5) Plaintiff's ex parte motion for discovery (DE # 170) is DENIED as moot.

SO ORDERED, this the 21st day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge