IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3208-FL

| | | |
|---|---|---|
| KEITH JAMES SEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEBRA PRICE; BERNARD P. CONDLIN; SUE GENRICH BERRY; DEE W. BRAY; ALLISON STANDARD; BRUCE T. CUNNINGHAM, JR. THE MUNICIPALITY OF CUMBERLAND COUNTY; THE CITY OF FAYETTEVILLE; CUMBERLAND COUNTY JAIL HEALTHCARE; CUMBERLAND COUNTY JAIL'S HEALTH AND DENTAL CARE PROVIDERS; JOHN DOE DOCTOR; MAJOR J. MCRAINEY; CAPTAIN J. TYNDALL; SERGEANT ADRIENNE DENISE TAPPS; AND JOHN DOE DENTIST, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion for extension of time to amend (DE 176), motions to compel (DE 177, 190), motions to appoint counsel or to reappoint alternative counsel (DE 178,[1] 181, 200, 224), motion to voluntarily dismiss the City of Fayetteville (DE 184), motion to strike (DE 186), motion for extension of time to complete discovery (DE 189), "motion

---

[1] The court construes plaintiff's motion for reconsideration, as a motion for appointment of counsel.

for time extension from notice of the court" (DE 216), motion for partial summary judgment (DE 219), motion for leave to file excess pages (DE 220), and motion for a pretrial scheduling order (DE 225). Also before the court are the motion for a protective order (DE 191) and motion for summary judgment (DE 206) filed by defendants the Municipality of Cumberland County, Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Dentist, John Doe Doctor, Major J. McRainey, Sergeant Adrienne Denise Tapps, and Captain J. Tyndall (collectively "the Cumberland County defendants"). Defendants responded to plaintiff's motion for an extension of time to amend his complaint, motion to amend his complaint, motion to compel, and motion for an extension of time to complete discovery. The City of Fayetteville responded to plaintiff's motion for voluntary dismissal. The Cumberland County defendants' motions were fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court rules as follows.

## STATEMENT OF THE CASE

The court here incorporates the below portion of the statement of facts as set forth in its, August 21, 2012, order.

> On March 7, 2011, plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated in various ways since his June 21, 2007, arrest on kidnaping and assault charges. The court referred the matter to the magistrate judge to conduct a frivolity review of plaintiff's complaint, and the magistrate judge submitted his memorandum and recommendation ("M&R") on April 18, 2011. Plaintiff subsequently made numerous filings, including three motions to amend his complaint, a motion to appoint counsel, and a motion for a temporary restraining order and for a preliminary injunction.
>
> On May 26, 2011, the court entered an order noting the recommendation of the magistrate judge, but acknowledging plaintiff's numerous subsequent filings. The court then provisionally

2

allowed plaintiff's motions to amend and re-committed the matter to the magistrate judge with direction to renew and revise the original M&R, in light of the amendments . . ..

On June 20, 2011, the magistrate judge issued his renewed M&R, taking into account plaintiff's amendments. On August 9, 2011, the court entered an order in which it overruled plaintiff's objections to the portion of the magistrate judge's order denying his motion to appoint counsel, and adopted in full the findings and recommendations of the magistrate judge. The court granted in part and denied in part plaintiff's motions to amend. The court specifically adopted the following findings by the magistrate judge:

I. Plaintiff's complaint shall be dismissed in its entirely as to defendants Berry, Bray, Standard, and Cunningham;
ii. A § 1983 conditions of confinement claim shall be permitted to proceed against Price and Condlin;
iii. A § 1983 conditions of confinement claim shall be permitted to proceed as against the County and the City;
iv. The complaint shall not be amended to add Cumberland County Sheriff's Department as a defendant;
v. The complaint shall be amended to add Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist as defendants, and allow a § 1983 claim for deliberate indifference under the Eighth Amendment to proceed against them;
vi. The complaint shall be amended to add McRainey, Tyndell, and Tapps as defendants and allow a § 1983 conditions of confinement claim to proceed against them; and
vii. Any and all other claims purportedly raised by the complaint(s) shall be dismissed in their entirety.

The court acknowledged that defendants would have a difficult time discerning from the several amendments scattered across the docket exactly what claims plaintiff stated and against whom. Accordingly, the court allowed plaintiff the opportunity to file one amended complaint to state only those claims and defendants that the court permitted to proceed. The court also denied as premature plaintiff's motion requesting the United States Marshals Service to serve summons and complaint.

On September 2, 2011, plaintiff filed his amended complaint in compliance with the court's August 9, 2011, order. Plaintiff

3

subsequently filed a motion for an extension of time to serve his complaint. The City of Fayetteville, Price, Condlin, and the Cumberland County defendants subsequently filed motions to dismiss pursuant to Rules 12(b)(1), (b)(2), and (b)(6), as well as motions for a protective order.[2] These matters were fully briefed.

Plaintiff subsequently filed two motions for discovery, a motion to stay discovery, a motion to strike Condlin's motion to dismiss, and a motion to appoint counsel. Condlin responded to plaintiff's motions. The Cumberland County defendants also filed a second motion for a protective order. Finally, plaintiff filed a motion for this court to rule on his pending motions and a motion to expedite.

On March 16, 2012, the court entered an order granting plaintiff's motion to appoint counsel and appointed North Carolina Prisoner Legal Services ("NCPLS") to represent him. The court also granted the motions for a protective order filed by Condlin, Price, the City of Fayetteville, and the Cumberland County defendants. The court stayed discovery until after NCPLS entered a notice of appearance on behalf of plaintiff, and denied without prejudice plaintiff's motions for discovery. The court also granted the motions to dismiss filed by Condlin and Price. The court granted the Cumberland County defendants' motion to dismiss as to plaintiff's claims against Cumberland County, but it denied as to the remaining defendants. The court also allowed plaintiff the opportunity to amend his complaint to provide the proper names of the defendants identified as Cumberland County Jail Healthcare, Cumberland County Jail's health and dental care providers, John Doe doctor, and John Doe dentist. Finally, the court converted the City of Fayetteville's motion to dismiss into a motion for summary judgment, directed the Clerk of Court to issue a Rule 56 letter, and allowed the parties to respond.

On March 28, 2012, plaintiff filed a response to this court's March 16, 2012, order, requesting, *inter alia*, an extension of time to respond to the City of Fayetteville's motion for summary judgment. On March 30, 2012, NCPLS attorney April Marie Giancola entered a notice of appearance on behalf of plaintiff. Plaintiff subsequently filed a motion to appoint counsel and a motion to appoint alternative counsel. On May 10, 2012, NCPLS attorney Michele Lueking-Sunman filed a motion for substitution of counsel.

---

[2] The City of Fayetteville also filed a second motion for a protective order.

> On June 1, 2012, the court entered an order granting NCPLS attorney Michele Lueking-Sunman's motion for substitution of counsel. The court also granted plaintiff's request to respond to the City of Fayetteville's motion for summary judgment and allowed him an additional twenty-one (21) days to respond. The court stated that the City of Fayetteville's motion for summary judgment was held in abeyance until briefing was complete.
>
> On June 5, 2012, plaintiff filed a motion to amend his pending motion for alternative appointment of counsel. NCPLS attorney Michele Luecking-Sunman subsequently filed a motion to withdraw as plaintiff's counsel. Plaintiff then filed a motion to amend his complaint and an ex parte motion for discovery. The City of Fayetteville responded to plaintiff's motion for discovery and motion to amend.

On August 21, 2012, the court entered an order denying as moot the City of Fayetteville's motion to dismiss, granting NCPLS attorney Michele Luecking-Sunman's motion to withdraw, but denying her motion to hold the scheduling order in abeyance. The court also denied plaintiff's "motion to amend [his] pending motion for alternative appointment of counsel," and denied as moot plaintiff's ex parte motion for discovery. Finally, the court granted plaintiff's motion to amend and allowed him twenty-one (21) days to amend his complaint.

Following the court's order, counsel for defendant Bernard Condlin filed a motion to withdraw, which the court allowed. Plaintiff then filed a motion for an extension of time to file his amended pleading, motions to compel discovery, a motion for reconsideration, various motions for appointment of counsel, a motion to voluntarily dismiss the City of Fayetteville, a motion to strike, a motion for an extension of time to complete discovery, a "motion for time extension from notice of the court," a partial motion for summary judgment, a motion for leave to file excess pages, and a motion for a pretrial scheduling order.

5

In the interim, the Cumberland County defendants filed a motion for a protective order and a motion for summary judgment. The matters were fully briefed.

**DISCUSSION**

A.   Motion for Voluntary Dismissal

Plaintiff seeks to voluntarily dismiss his claims against the City of Fayetteville without prejudice. The City of Fayetteville does not oppose the dismissal of plaintiff's action against it, but argues that the dismissal should be with prejudice. The purpose of Rule 41(a)(2) is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted). In deciding a motion to dismiss without prejudice under Rule 41(a), "a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as the present state of litigation." Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) (quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)).

Considering first the City of Fayetteville's effort and expense in preparing for trial, the court finds that the court's docket sheet reflects that plaintiff's motion for voluntary dismissal came more than one year after the filing of this action, and that the City of Fayetteville has expended resources in defending this action. The parties, however, have not yet completed the discovery process. As to the second factor, the court notes that plaintiff is proceeding *pro se*, and that the court's docket sheet reveals that plaintiff has been diligent in his efforts to obtain discovery. Accordingly, the court does not find evidence that plaintiff has excessively delayed filing his motion for voluntary dismissal.

6

Turning to plaintiff's explanation for voluntarily dismissing the City of Fayetteville, plaintiff contends that he has been unable to respond to the court's August 21, 2012, order allowing him twenty-one (21) days to amend his complaint to include the proper identities of the City of Fayetteville employees that allegedly violated his constitutional rights. Plaintiff states that he was unable to comply with the court's order because he was not able to identify the parties during discovery. Plaintiff states that he would like to retain the right to bring a future action against the unknown defendants should he discover their identities at a later date. The court finds that plaintiff's difficulty in discovering the identity of the City of Fayetteville employees weighs in favor of allowing plaintiff to voluntarily dismiss this action. Finally, considering the present stage of the litigation, the matter still is in the discovery phase of the case, and a trial date has not yet been set. Accordingly, the court finds that the four factors weigh in favor of allowing plaintiff to dismiss his claim against the City of Fayetteville without prejudice. Accordingly, plaintiff's motion is GRANTED, and the City of Fayetteville is DISMISSED from this action without prejudice.

B.  Motions to Appoint Counsel

Plaintiff filed three motions to appoint counsel. Plaintiff, in part, requests that the court re-appoint him alternative counsel now that North Carolina Prisoner Legal Services ("NCPLS") has withdrawn from this action. The court previously has considered and denied a similar request for alternative appointment of counsel. Moreover, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163

(4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.")

Here, the court previously appointed plaintiff counsel on the grounds that his filings lacked clarity and suggested a lack of capacity to proceed with his action. The court subsequently determined that plaintiff's later filings were clear and reflected his ability to proceed with this action *pro se*. Plaintiff continues to submit pleadings which sporadically contain nonsensical information. However, overall, plaintiff has demonstrated an ability to proceed *pro se*. In fact, as plaintiff indicates, he has demonstrated the ability to simultaneously litigate at least two additional actions now pending in this court. See Sears v. United States, No. 5:12-CT-3078-BO (E.D.N.C.); Sears v. White, No. 5:12-HC-2066-F (E.D.N.C.). Thus, the court DENIES plaintiff's motions to appoint counsel, and his motion for the court to reconsider its prior August 21, 2012, denial of his request for counsel.

C.  Discovery-Related Motions

Plaintiff seeks an order compelling the Cumberland County defendants to respond to his discovery requests. Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not

8

> be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

Plaintiff, in his motions to compel, primarily seeks both his medical records and materials to assist him in identifying the unnamed Cumberland County defendants. On December 10, 2012, plaintiff informed the court that he had obtained the requested medical records. Plaintiff also informed the court that he obtained the necessary discovery to identify the unnamed defendants, and filed an amended pleading in which he provides the identifies for the unnamed parties.

To the extent plaintiff requests additional discovery materials in his motions to compel, the Cumberland County defendants stated that they provided plaintiff with a response to his discovery requests. The Cumberland County defendants also informed the court that, despite plaintiff's representations otherwise, plaintiff has not made an effort to confer with the Cumberland County defendants regarding any un-responded to discovery requests. Accordingly, as to any remaining discovery requests, plaintiff is DIRECTED to confer with the Cumberland County defendants, and to attempt to resolve any outstanding discovery disputes prior to filing a motion with the court. As for the Cumberland County defendants' request that the court issue a protective order directing that they are not required to provide responses to plaintiff's discovery demands which were not served

9

within adequate time for court ordered discovery to be completed, such motion is DENIED on the grounds that the court has directed the provision of discovery as set forth above.

Based upon the foregoing, plaintiff's motions to compel are DENIED, and the Cumberland County defendants' motion for a protective order is DENIED without prejudice. As no basis for such relief has been shown, plaintiff's motion to strike the Cumberland County defendants' response to plaintiff's September 4, 2012, motion to compel is DENIED. Finally, plaintiff's motion for an extension of time to complete discovery is GRANTED, and the discovery deadline is set forth below in the court's amended case management order.

D.  Amended Complaint and Motion for an Extension of Time to Amend

On August 21, 2012, the court allowed plaintiff the opportunity, through counsel, to amend his complaint to include the proper identity of the parties plaintiff refers to as Cumberland County Jail Healthcare, Cumberland County Jail's health and dental care providers, John Doe doctor, and John Doe dentist.[3] Plaintiff's counsel subsequently was permitted to withdraw, and plaintiff was provided an extension of time, on August 21, 2012, to amend his complaint to include the identities of the unnamed parties. Plaintiff had difficulty obtaining the discovery necessary to identify the unnamed parties, and requested an extension of time to amend his complaint to include such information. Plaintiff also states that an extension of time to amend was necessary because he was dealing with medical complications. Plaintiff now has discovered the identity of the formerly unnamed parties and, on October 11, 2012, moved to amend his complaint to identify the following parties: Cumberland County Health Department; Dr. Mohammad Wasi Haq; Archie Malloy; Dr.

---

[3] The court notes that plaintiff is moving for an extension of time to submit his amended pleading in response to the court's August 21, 2012, order permitting him to file an amended complaint.

10

Holderness (dentist); and Dr. Tencza (dentist). For good cause shown, the court ALLOWS plaintiff's motion for an extension of time to amend his complaint to include the identities of the previously unidentified defendants. The Clerk of Court is DIRECTED to serve the newly named defendants with the summons and complaint, and to substitute the new defendants for the old defendants.

Plaintiff, in his amended pleading, also seeks to add NCPLS as a defendant in this action. Plaintiff appears to allege, both in this pleading and other pleadings, that NCPLS denied him access to the courts. The State is required to provide its inmates meaningful access to the courts. Smith v. Bounds, 430 U.S. 817, 823 (1977). This court has held that the plan whereby NCPLS provides legal assistance to inmates in the custody of the North Carolina Department of Public Safety adequately protects the inmates' constitutional right of access to the courts as required by Bounds. See Wrenn v. Freeman, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995).

In order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). The Supreme Court held in Lewis that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or

11

impeded." Id. at 353. The Court did not extend the holding to include the right to "*litigate effectively* once in court." Id. at 354.

Here, plaintiff has not demonstrated how his alleged lack of access to courts, through either NCPLS's withdrawal from his action or his lack of access to a law library, has caused him actual injury. Plaintiff has a prolific litigation history, which reflects that he has had the opportunity to file suit alleging his conditions of confinement claims as well as his challenge to his criminal conviction. Plaintiff also was provided the assistance of NCPLS, but ultimately requested that it withdraw from this action. Based upon the foregoing, plaintiff has had the opportunity to present his claims to the courts. See Lewis, 518 U.S. at 356 ("*Bounds* guarantees no particular methodology [about meaningful access to the courts] but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.") Moreover, plaintiff fails to allege that a nonfrivolous claim has been frustrated or impeded by defendants. Lewis, 518 U.S. at 355. Rather, plaintiff's allegations deal with his frustration with the effectiveness of his litigation, but the Constitution does not guarantee the ability to litigate effectively. Accordingly, plaintiff has not alleged any actual injury. Because plaintiff fails to state an access to courts claim, his claim against NCPLS is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

E.  Motion for Leave to Exceed Page Limitation

Plaintiff requests leave to exceed the page limitation for his response to the Cumberland County defendants' motion for summary judgment. For good cause shown, plaintiff's motion is GRANTED.

F.   The Cumberland County Defendants

The Cumberland County defendants filed a motion for summary judgment on November 1, 2012. The pending motion for summary judgment addresses plaintiff's Eighth Amendment medical and dental related claims without reference to the newly identified medical and dental defendants. Moreover, the parties have been provided additional time to engage in discovery. Thus, in the interests of clarity and judicial efficiency, the Cumberland County defendants' motion for summary judgment is DENIED without prejudice, and a new case management order will be entered to provide a new dispositive motion deadline. Because the Cumberland County defendants' motion for summary judgment was denied without prejudice, plaintiff's November 26, 2012, request for a copy of the Cumberland County defendants' motion and an extension of time to respond to the motion is DENIED as moot.

G.   Plaintiff's partial motion for summary judgment

In order to prevail on his motion for summary judgment, a plaintiff must demonstrate an absence of genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Plaintiff has not met this burden. Therefore, plaintiff's motion for summary judgment is DENIED.

H.   Plaintiff's Motion for a Pretrial Scheduling Order

Based upon the foregoing, the court finds it appropriate to modify its Case Management Order, and enters the following order:

>    1.   All discovery shall be commenced or served in time to be completed by August 30, 2013.
>
>    2.   All motions shall be filed in compliance with Local Civil Rule 7.1.[4]

---

[4] Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made, other than in a

13

3. All motions, including dispositive ones, shall be filed by September 30, 2013.

This case management order shall not be modified except by leave of court upon a showing of good cause. Should the case remain pending after the conclusion of discovery and resolution of any dispositive motion(s), the court will then issue a separate order setting the trial date and any pre-trial procedures, or such other and further orders as the court deems appropriate.

I. Future Filings

As all of the defendants have pointed out in their filings, plaintiff has submitted numerous and often superfluous filings in this action. In an effort to conserve judicial resources and to allow the court to focus solely on the substantive issues at hand, the court STAYS the filing of any motions aside from the dispositive motions permitted by the court's Case Management Order.

**CONCLUSION**

For the foregoing reasons, the court finds:

(1) Plaintiff's motion for an extension of time to amend his complaint (DE 176) is GRANTED. However, plaintiff's claim against NCPLS is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is DIRECTED to serve the new defendants, and to substitute the newly identified defendants for the old defendants.

(2) Plaintiff's motions to compel (DE 177, 190) are DENIED.

---

hearing or trial, shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response . . . shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."

14

(3) Plaintiff's motions to appoint counsel (DE 178 181, 200, 224) are DENIED.

(4) Plaintiff's motion to voluntarily dismiss the City of Fayetteville without prejudice (DE 184) is GRANTED, and the City of Fayetteville is DISMISSED from this action without prejudice.

(5) Plaintiff's motion to strike (DE 186) is DENIED.

(6) Plaintiff's motion for an extension of time to complete discovery (DE 189) is GRANTED.

(7) The Cumberland County defendants' motion for a protective order (DE 191) is DENIED without prejudice.

(8) The Cumberland County defendants' motion for summary judgment (DE 206) is DENIED without prejudice.

(9) Plaintiff's November 26, 2012, "motion for time extension from notice of the court" (DE 216) is DENIED as moot.

(10) Plaintiff's motion for partial summary judgment (DE 219) is DENIED.

(11) Plaintiff's motion for leave to file excess pages (DE 220) is GRANTED.

(12) Plaintiff's motion for a Case Management Order (DE 225) is GRANTED, and the Case Management Order deadlines are as set forth above.

(13) The court STAYS the filing of any motions aside from the dispositive motions permitted by the court's Case Management Order.

SO ORDERED, this the 9th day of July, 2013.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge