IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3208-FL

| | | |
|---|---|---|
| KEITH JAMES SEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEBRA PRICE, BERNARD P. CONDLIN, SUE GENRICH BERRY, DEE W. BRAY, ALLISON STANDARD, BRUCE T. CUNNINGHAM, JR.; THE MUNICIPALITY OF CUMBERLAND COUNTY, THE CITY OF FAYETTEVILLE, CUMBERLAND COUNTY JAIL HEALTHCARE, CUMBERLAND COUNTY JAIL'S HEALTH AND DENTAL CARE PROVIDERS, MAJOR J. MCRAINEY, CAPTAIN J. TYNDALL, SERGEANT ADRIENNE DENISE TAPPS, DR. MUHAMMAD WASI HAQ, ARCHIE MALLOY, DR. HOLDERNESS, DR. TENCZA, and NORTH CAROLINA PRISONER LEGAL SERVICES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's unopposed motion to appoint counsel (DE 246), objection to the court's July 9, 2013, order (DE 233), which this court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b), and motions for an extension of time (DE 268, 269). Also before the court is the unopposed motion for an extension of time to complete discovery (DE 251) filed by defendants Cumberland County Health Department, Archie Malloy ("Malloy"), Dr. Muhammad Wasi Haq ("Haq"), Dr. Russell Holderness

("Holderness"), and Dr. Michael G. Tencza ("Tencza").  In this posture, the issues raised are ripe for adjudication.

A.	Plaintiff's Motion for Reconsideration

Plaintiff requests that the court reconsider three rulings in its July 9, 2013, order. Specifically, plaintiff asks this court to reconsider its denial of his motion to re-appoint counsel, the dismissal of North Carolina Prisoner Legal Services ("NCPLS") as a defendant in this action, and the denial of his motion for summary judgment.

Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514.  Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515.  As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially

different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)). The court now will address plaintiff's three requests for reconsideration in turn.

Plaintiff first contends that the court's refusal to appoint alternative legal counsel interferes with his right to access the courts pursuant to the First Amendment to the United States Constitution.[1] In support, plaintiff contends that the North Carolina Department of Public Safety ("DPS") does not provide inmates access to law libraries and that NCPLS refuses to provide him with copies, legal research, or assistance with shepardizing.

In order to state a claim for denial of access to the courts, the inmate must show actual injury or that the alleged conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Lewis, 518 U.S. at 353. The Court did not extend the holding to include the right to "litigate effectively once in court." Id. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise).

Generally, there is no constitutional right to counsel in civil cases. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The State, however, is required to provide its inmates meaningful access to the courts. Smith v. Bounds, 430 U.S. 817, 823 (1977). This court has held that the plan

---

[1] The court notes that plaintiff also raised this issue in his subsequently filed September 9, 2013, motion to appoint counsel.

whereby NCPLS provides legal assistance to inmates in the custody of DPS adequately protects the inmates' constitutional right of access to the courts as required by Bounds. See Wrenn v. Freeman, 894 F.Supp. 244, 247–49 (E.D.N.C. 1995). As part of the plan, NCPLS attorneys are not required to take every prisoner action brought by inmates and may use their professional judgment when determining whether or not to provide representation in a matter. Salters v. Butler, No. 5:06–CT–3073–H, 2006 WL 4691237, * 1 (E.D.N.C. Oct.19, 2006), aff'd 214 F. App'x 267 (4th Cir. Jan.24, 2007). Finally, in order to state a claim that an inmate was not provided the legal assistance required by Bounds, that inmate must demonstrate some injury. See Fowler v. Lee, 18 F. App'x 164, 2001 WL 1033312, *2 (4th Cir. Sept.10, 2001) (citing Lewis, 518 U.S. at 351).

In this case, the record reflects that plaintiff presented his claims to NCPLS for review prior to filing his action, and that NCPLS declined representation. (DE 246, Attach. 1.) Subsequent to the filing of this action, the court appointed NCPLS to represent plaintiff because plaintiff's filings lacked clarity and suggested a lack of capacity to proceed with his action. (DE 128.) On August 22, 2012, the court permitted NCPLS to withdraw its representation due to a conflict of interest between plaintiff and NCPLS. (DE 173.) The court did not appoint alternative counsel due to its determination that plaintiff's more recent filings were clear and reflected his ability to proceed with his action *pro se*. Id.; (DE 231.) The court now finds that plaintiff's filings remain clear and continue to demonstrate his capacity to proceed with this action *pro se*. Further, plaintiff has not demonstrated that he suffered any injury from the termination of NCPLS' representation or that he is being denied access to courts in violation of the First Amendment. Therefore, the court DENIES plaintiff's motion for reconsideration as to this issue, and finds that the appointment of alternative counsel is not required.

4

Plaintiff next objects to the dismissal of NCPLS as a defendant in this action. A private entity such as NCPLS is not a state actor and is therefore not amenable to suit under section 1983 except in certain narrow circumstances, none of which apply here. See Bryant v. N.C Prisoner Legal Servs., Inc., 1 F.3d 1232, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993) ("NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983.") (per curiam); Haavistola v. Comm. Fire Co. of Rising Sun, Inc., 6 F.3d 211, 215 (4th Cir.1993) (identifying situations in which conduct by a private entity constitutes "state action"). It is true that private individuals can become state actors by entering into contracts with the state to provide services that the state is obligated to provide. See West v. Atkins, 487 U.S. 42, 54 (1988). However, in Polk County v. Dodson, 454 U.S. 312, 325 (1981), the court recognized that a state-paid public defender occupied a sufficiently independent and adversarial role to the state such that he did not act under color of state law when representing a criminal defendant. Because NCPLS does not act under color of state law for purposes of section 1983, the court finds that it is not an appropriate defendant in this action and DENIES plaintiff's motion for reconsideration with regard to this issue.

Finally, the court addresses plaintiff's objection to the court's denial of his motion for summary judgment. The court finds its initial determination as to this issue appropriate and DENIES plaintiff's motion for reconsideration.

B.  Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel to assist him with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook, 518 F.2d at 780. The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Here, plaintiff argues that the court should appoint counsel in this action because NCPLS refuses to provide "shep[]ardizing, research, and copying services for prisoners." (DE 246, p. 5.) Plaintiff attached a letter from NCPLS, dated August 6, 2013, in which NCPLS explained to plaintiff that it does not "make copies, perform legal research, or provide similar clerical or litigation support services." (DE 246, Attach. 2.) NCPLS, however, informed plaintiff that it offers advice to inmates about the steps that can be taken to resolve the inmate's problem. Id. NCPLS further provided plaintiff with advice on how to obtain photocopies of legal materials and the links to internet legal research sites. Id. Accordingly, the record reflects that plaintiff has not completely been denied assistance from NCPLS. Further, the record reflects that plaintiff's claim is not complex and that plaintiff has demonstrated through the detail of his filings he is capable of proceeding *pro se*.

6

Accordingly, the court finds that this case is not one in which exceptional circumstances merit appointment of counsel, and plaintiff's motion to appoint counsel is DENIED.

C. Motion for an Extension of Time to Complete Discovery

Defendants the Cumberland County Health Department, Malloy, Haq, Holderness, and Tencza request an extension of time to respond to plaintiff's fourth request for production of documents. For good cause shown, the motion is GRANTED and these defendants have until November 4, 2013, to respond to plaintiff's discovery requests.

D. Plaintiff's Motions for an Extension of Time

Plaintiff filed two motions for an extension of time to respond to the motion for summary judgment filed by defendants J. McRainy, the Municipality of Cumberland County, Adrienne Denise Tapps, and J. Tyndall, and the motion to dismiss, or in the alternative, for summary judgment filed by defendants the Cumberland County Health Department, Haq, Holderness, Malloy, and Tencza. For good cause shown, plaintiff's motions are GRANTED, and plaintiff's responses to the pending motions now are due on November 18, 2013. In order to assist plaintiff in expediting his responses, the court allows plaintiff to forego mailing paper copies of his responses to each of the defendants, and permits plaintiff to mail his responses to the court. The court will serve the responses on the defendants through its electronic filing system. The court cautions plaintiff that he must serve paper copies of any other filing by mail and may rely on electronic service only for his response to the pending dispositive motions.

In summary, the court finds:

(1) Plaintiff's motion to appoint counsel (DE 246) is DENIED.

(2) Plaintiff's motion for reconsideration (DE 233) is DENIED.

7

(3) Defendants' motion for an extension of time to complete discovery (DE 251) is GRANTED, and the discovery deadline now is November 4, 2013.

(4) Plaintiff's motions for an extension of time (DE 268, 269) are GRANTED. Plaintiff's responses to the pending dispositive motions now are due by November 18, 2013.

SO ORDERED, this the 29th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

8

Case 5:11-ct-03208-FL   Document 273   Filed 10/29/13   Page 8 of 8