IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3208-FL

KEITH JAMES SEARS,                        )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )                    ORDER
                                          )
DEBRA PRICE, BERNARD P. CONDLIN,          )
SUE GENRICH BERRY, DEE W. BRAY,           )
ALLISON STANDARD, BRUCE T.                )
CUNNINGHAM, JR.; THE                      )
MUNICIPALITY OF CUMBERLAND                )
COUNTY, THE CITY OF                       )
FAYETTEVILLE, CUMBERLAND                  )
COUNTY JAIL HEALTHCARE,                   )
CUMBERLAND COUNTY JAIL'S                   )
HEALTH AND DENTAL CARE                    )
PROVIDERS, MAJOR J. MCRAINEY,             )
CAPTAIN J. TYNDALL, SERGEANT              )
ADRIENNE DENISE TAPPS, DR.                )
MUHAMMAD WASI HAQ, ARCHIE                 )
MALLOY, DR. HOLDERNESS, DR.               )
TENCZA, and NORTH CAROLINA                )
PRISONER LEGAL SERVICES,                  )
                                          )
            Defendants.                   )

      This matter comes before the court on plaintiff's motion to compel discovery (DE 280),

motion for reconsideration (DE 281), motion to freeze the defendants' assets (DE 283), and motion

for a pretrial conference (DE 288).  Defendants responded to plaintiff's motion to compel and

motion to freeze assets.  In this posture, the issues raised are ripe for adjudication.

A.      Plaintiff's Motion for Reconsideration

Plaintiff requests that the court reconsider its previous denial of his motion to appoint

counsel and its disposition of his access to courts claim.  Pursuant to Federal Rule of Civil Procedure

54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates
> fewer than all of the claims or the rights and liabilities of fewer than
> all the parties does not end the action as to any of the claims or
> parties and may be revised at any time before the entry of a judgment
> adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Under this rule, "a district court retains the power to reconsider and modify

its interlocutory judgments, including partial summary judgments, at any time prior to final

judgment when such is warranted."  Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-

515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469

(4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards

applicable to motions for reconsideration of a final judgment."  Id. at 514.  Rather, the resolution

of such motion is "committed to the discretion of the district court."  Id. at 515.  As a means of

guiding that discretion, courts have looked to "doctrines such as law of the case," under which a

prior dispositive order must be followed unless "(1) a subsequent trial produces substantially

different evidence, (2) controlling authority has since made contrary decision of law applicable to

the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."  Id.

(quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

2

Plaintiff first requests reconsideration of the court's October 29, 2013, determination as to his request for appointment of counsel. For the reasons set forth in the court's October 29, 2013, order, his motion for reconsideration as to this issue is DENIED.

To the extent plaintiff seeks to amend his complaint to include a First Amendment access to court's claim arising out of his contention that North Carolina Prisoner Legal Services ("NCPLS") no longer provides services to state inmates, plaintiff's motion is DENIED as futile. See Fed. R. Civ. P. 15(a)(2); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (stating that Rule 15(a) requires that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.") Specifically, NCPLS provided assistance to plaintiff in this action. Accordingly, plaintiff's access to courts claim alleging that NCPLS no longer provides services to state inmates arose subsequent to the filing of his original complaint. For this reason, plaintiff could not have exhausted his administrative remedies for this claim, arising in 2013, prior to filing his original complaint, and may not assert his new claim in this action. See 42 U.S.C. § 1997e(a); Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 682 (4th Cir. 2005) (stating that a court may *sua sponte* dismiss a complaint for failure to exhaust administrative remedies where a complaint clearly shows that an inmate has not exhausted administrative remedies); Booth v. Churner, 532 U.S. 731, 740-41 (2001) (stating that an inmate must exhaust administrative remedies regardless of the relief sough through administrative procedures). Based upon the foregoing, the court DENIES plaintiff's motion for reconsideration.

3

B.       Motion to Compel Discovery

Plaintiff requests a court order compelling defendants to respond to his fourth request for

documents and for sanctions due to defendants alleged failure to respond to his discovery requests.

Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that
> is relevant to any party's claim or defense—including the existence,
> description, nature, custody, condition, and location of any
> documents or other tangible things and the identity and location of
> persons who know of any discoverable matter.  For good cause, the
> court may order discovery of any matter relevant to the subject matter
> involved in the action.  Relevant information need not be admissible
> at the trial if the discovery appears reasonably calculated to lead to
> the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  "[D]iscovery rules are to be accorded a broad and liberal treatment to

effect their purpose of adequately informing the litigants in civil trials."  Herbert v. Lando, 441 U.S.

153, 177 (1979); see Hickman v. Taylor, 329 U.S. 495, 507 (1947).  However, a litigant may not use

discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his

opposing party.  See Fed. R. Civ. P. 26(c)(1).  Additionally, the court has "substantial discretion"

to grant or deny motions to compel discovery.  Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.,

Inc., 43 F.3d 922, 929 (4th Cir. 1995).

In opposition to plaintiff's motion to compel, defendants asserts that they served plaintiff

with written responses and documents responsive to plaintiff's fourth request for the production of

documents on October 14, 2013.  Defendants additionally re-served plaintiff with the discovery

material as an attachment to their response to plaintiff's motion to compel.  Plaintiff, in his

December 6, 2013, motion reiterates that he seeks from defendants "any and all policies, directives,

or instructions to correctional and or medical staff, of the detailed treatment that they are required

4

to provide to an inmate who has a broken bone." (DE 283, p. 10). Defendants' discovery responses, however, contain several written policies related to providing medical treatment to inmates or detainees. (DE 282, Attach.) Plaintiff has not established that additional discovery material is needed. Thus, plaintiff's motion to compel and request for sanctions are DENIED.

C.      Motion to Freeze Assets

Plaintiff seeks a preliminary court order to identify and freeze assets that defendants may eventually need to satisfy an award of monetary damages. However, the United States Supreme Court has held that the district courts have "no authority to issue a preliminary injunction preventing [defendants] from disposing of their assets pending adjudication of [a plaintiff's] claim for monetary damages." Grupo Mexicano De Desarrollow v. Alliance Bond Fund, 527 U.S. 308, 333 (1999); Thus, plaintiff's motion is DENIED.

D.      Motion for a Pretrial Conference

Plaintiff requests a pretrial conference in order to have an opportunity to discuss his access to court's claim, and other aspects of managing the case and trial. At this juncture, the court finds that a pretrial conference is not necessary.[1] Thus, plaintiff's motion is DENIED.

---

[1] To the extent plaintiff requests the court to provide witness subpoenas and writ of habeas corpus ad testificandum forms, such a request is DENIED as premature.

For the foregoing reasons, plaintiff's motion to compel (DE 280), motion for reconsideration (DE 281), motion to freeze defendants' assets (DE 283), and motion for a pretrial conference (DE 288) are DENIED.

SO ORDERED, this the 23rd day of January, 2014.

LOUISE W. FLANAGAN
United States District Judge